King, J.
Action was brought in the court of common pleas to recover upon a certain policy of insurance which had been given to the plaintiffs, covering the following property: “One boiler, engine and apparatus pertaining thereto, contained in the five story and basement brick, metal roof ‘Musee•Theater5 building, No. 240 Summit street, Toledo, Ohio.55 The amount for which this property was insured was $1,500. The policy was in the usual form It contained a provision, among others, that after a loss, if the parties could not agree upon the amount of that loss, each might select an appraiser, and if those two did not agree on the amount of the loss, they could select a third. This is a provision.common to all or. nearly all the insurance policies, and, of course, is operative in any event and in any policy as to any loss that may occur upon property, either *478 real or personal, which shall be less in amount than what is termed in law a total loss. It is a very proper provision to insert, and either party would have the right to insist upon the carrying out of this provision regardless of any suit, if either claimed that there was a loss, less than a total loss, because such loss becomes, in the nature of things, the subject of appraisement — a subject, at least, for agreement between the parties; and if they can’t agree, then appraisement is the method which the parties may provide for determining the amount of the loss.
It is not claimed in this proceeding in error that the loss was anything other than a total loss, although there was a claim of that sort made upon the trial; but that claim is not here presented. So that we have a case of the total loss of this property.
After the loss, the parties proceeded under this provision o f the policy to have the loss appraised, and the appraisers fixed it at $696.
The buiding in which this property is described as located was also insured in other policies, to the amount of $30,000, which was adjusted and paid after considerable discussion, and this adjustment did not include anything for this property. Nor did this policy cover any other property than that contained in the description which I have read.
There were proofs of loss made out by the parties under the other policies, and in those proofs of loss they set out no other insurance upon the building than that described in the policies other than this one.
On the trial of the case in the court of common pleas it was claimed by the plaintiffs that they were not bound by this appraisement, but that they were entitled to recover the face of the policy, if there was a total loss under the provisions of sec., 3643, Rev. Stat., which provides that:
*479 “Any person, company or association, hereafter insuring any building or structure against loss or damage by fire or lightning, by a renewal of a policy heretofore issued, or otherwise, shall cause such building or structure to be examined by an agent of the insurer, and a full description thereof to be made, and the insurable value thereof to be fixed by such agent; in the absence of any change increasing the risk without the consent of the insurers, andf also of intentional fraud on the part of the insured, in case of total loss, the whole amount mentioned in the policy or renewal upon which the insurers receive a premium shall be paid, and in case of a partial loss the full amount of the partial loss shall be paid.”
This case was submitted to a jury under the charge of the court and upon the evidence, and the jury returned a verdict for the full amount of the policy. It is claimed now by the Insurance Company that that verdict is erroneous, as being against the law and the evidence, because the court erred in its charge to the jury, and in refusing to give the requests to charge offered by the defendants below, and in giving the requests to charge presented by the plaintiffs below. The whole question made by these requests and by the exceptions to the charge resolves itself into the single one, whether the court properly presented to the jury the question, whether this property so insured, and as the evidence aside from the policy of insurance described it, was, within the meaning of sec. 8643, a structure.
The argument upon both sides has been very full, extensive and interesting, and the question is not free from difficulty.
The policy does not undertake to say anything about this property, except that it is a boiler and engine situate upon this property; but the evidence in the case shows that a boiler and engine were placed in the basement of this building for the purpose of furnishing heat to it for the benefit of the different tenants that might occupy the building, and *480 for the purpose of operating the elevator that was used in the building. They were located, in the basement, and the boiler was covered by a brick wall. It was insured as a boiler and engine, and as a matter of fact, the agent made no valu&tion of it.
It is claimed by the plaintiff in error that the parties below treated this property in their description of it as personal property, or chatttel property, in such a way and to such an extent that it could not be held to be a structure within the meaning of this statute. What they mean by that claim is, that they have said that it was a fixture. In other words, they made no claim to the insurance companies carrying the $30,000 of insurance of having insurance upon the boiler and engine as a part of the building; that they in their proofs of loss claimed that there was no other insurance. But the most persistent claim is made that the parties themselves, by voluntarily permitting this to go to appraisal, have waived their right to insist upon the provisions of this statute. As a matter of law, this, of course, is not so; for the Supreme Court have certainly settled that question under this statute. In the decision in 47 Ohio St., Ins. Co. v. Leslie, it is held that the parties themselves cannot waive these provisions of the statute, else they might contract them all away, and they might agree in their contract that notwithstanding the statute, they would still consent to and permit an appraisement of a loss that was a total loss. And it is decided that the statute was enacted as a measure of public policy. On page 417 they say:
“The statute cannot, we think, be treated as conferring upon the assured a mere personal privilege which may be waived or qualified by agreement. It has a broader scope, It moulds the obligation of the contract into conformity with its provisions, and establishes the rule and measure of the insurer’s liability.”
That opinion is quite an able one, and is supported by other authorities that are even more pointed than the prin *481 oipal case, upon the principle that the courts^will enforce a statute of that kind, and will not per mit][the*par ties to waive or contract it away by any act of their own; because[if they can do it by one act, they can do it by others, whictqwould entirely invalidate the provisions of the statute; so they cannot in law waive that statute.
If this was a structure within the meaning of that statute, then it makes no difference what the parties have done about it, or what contract they have made with reference to it, or what they did after the loss occurred they have not waived their right to insist upon the payment of the full^measure of their damages as fixed by law.
The fact that they consented to this appraisal might have two explanations, and properly so. First — As said before, if there was any pretense here that this was not a total loss, either party had a right to insist upon this provision of the contract, for the purpose of determining, if it was not a total loss, to what extent it was a partial loss. That must be the subject of agreement, and that may be the subject of arbitration, Second' — It was claimed on the trial that a dispute arose before this appraisement was made as to whether this was a structure or not — whether it came within the terms of this statute. The Insurance Company said it didn’t; the parties'said it did; but the Insurance Company said then, “We will submit it to arbitration, and if it should be found it is not a structure, then arbitration will govern; if it is a structure, it will not prejudice you in any way.’’ And for this reason, it is said, the arbitration was agreed to and the appraisement made. I do not see that this evidence has any effect or cuts any figure in this case, one way or the other. So far as determining the question that is involved here is concerned, the court might just as well have ruled it out. I doubt very much whether the defendant below was entitled to have it admitted for any purpose.
The questions that have been argued circling around this *482 question of structure, have related principally to the charge of the court, and we have examined that with a great deal of care. The first impression from hearing portions of it read, was, that the court had not submitted any question to the jury, or at least had not really submitted the question that ought to have been submitted to the jury whether this was a structure; but a careful reading of the charge convinces the court that the question is left to the jury, and, so far as we can determine, under proper definitions and instructions. Of course, when it came to the question involved, it was the duty of the court, as it will be conceded all around, to instruct the jury upon the definitions to be regarded by them in applying the evidence to determine whether this was a structure; and it was no doubt a matter of some difficulty. The court use some language which is capable of a construction which might not be altogether correct, but taking the charge altogether, I don’t think that-can be truthfully said of it.
The court said to the jury that one question to be determined by them was, whether this was a structure, and proceeded to give them as a definition of a structure some of the elements embraced in the law, which, as a matter of fact, the court read from an opinion of the Supreme Court in 11 Ohio St., which was an opinion defining thecriterions of fixtures to real estate or the fixtures to buildings. He then said, after giving to the jury the definitions contained in that opinion:
. “And you will inquire whether, upon the evidence before you, this insured property was so attached to this building, or this foundation, as to constitute it, within these rules, a fixture. ’ ’
That language, standing alone, would not present the question which the jury was to pass upon. They did not have to determine whether this was a fixture or not. But the court does not stop there. The court then proceeds *483 and gives in three requests to the jury submitted by the plaintiffs’ counsel in considerable detail a definition of what a structure is under the laws of Ohio. And then the court says in addition to that:
“The engine and boiler, alone and unattached to the realty, so as to become a fixture under the above rules, would be personal property and not a structure as contemplated in this statute; and unless you find under-the rules and upon the evidence before you, that it had become a fixture, before or at the time that this policy was issued, then the terms and conditions of this policy are valid and binding between the parties, the plaintiffs and the Insurance Company, and the award made by the appraisers, which is in evidence before you, binding and final, and the plaintiffs in this case can recover no more than the amount of the award. ’ ’
That was not prejudicial to the defendant.
“But if you find under the rules which I give you, and upon the evidence before you, that this insured property was a structure in contemplation of this statute, and considered under these rules, then the statute entered into and became a part of the contract of insurance, and controls its construction and operation, and sets aside and renders inoperative every condition and provision of the policy in conflict with the statute. ’’’
So that the court finally winds up with the question which the jury are to pass upon; and when this charge is fairly considered, all that the court said about fixtures has only been incidental to the discussion of the main subject to be defined, to-wit: a structure. And it will be conceded that some of the elements constituting fixtures are applicable to a definition of a structure. A structure is defined by Webster to be a “joining together, to construct, connected construction.’’ And in Anderson’s Law Dictionary there is no definition except a couple of cases. A statute provided that where an injury was caused by a structure legally placed upon a. highway by a railroad company, that the *484 railroad company, and not the person who was bound by law to keep the highway in repair, should be liable. It was held that by a “structure” was meant some permanent stationary erection rather than an object like a moving car or an engine. And so where the plaintiff brought an action claiming that he had been injured by the erection of a structure, to-wit: a railroad car, the court found that the railroad was a structure within the meaning of that statute, but that the person was not injured by the railroad, but was injured by an engine, which was not a structure. In another case, in 35 Ohio St, 563, the court held, under a statute authorizing alien on “any house, mill, manufactory, or other building, appurtenance, fixture, bridge, or other structure,” that it would not allow a mechanics’ lien upon a railroad as a structure, because, the court reasoned, by describing a bridge, a building, and other things of a similar nature, it excluded the idea that a railroad would be liable to an ordinary mechanic’s lien. They do not undertake to discuss the question of what a structure is. They decided the case upon the grounds that I have suggested.
It then became a question of fact, under the definitions given by the court to the jury, whether this engine and .boiler, so located and established, and so fixed upon a permanent foundation, and so used, was a structure within the meaning of the insurance policy. The jury found that fact with the plaintiff below. And in order to reverse the judgment on the charge of the court, we have to say either that the court was wrong in its definition of what a structure was, or that the jury were wrong in the application of the definition. We cannot say the jury were wrong in the application of that definition; nor would I say it was not entirely within the province of the court to have held,' or- to have charged the jury, that this boiler and engine as situated, was a structure within the meaning of this statute. Instead of the fact that this was insured separately being an argu *485 ment against this construction, it seems to me an argument in favor of it. It was insured separately as a boiler and engine situated in a place where it was to remain, irremovable — it was to remain during the term of the contract. Necessarily that made it permanent,-that made it fixed, that mads it annexed to the realty. That distinguished it from anything that was movable — made it a permanent and fixed erection, or construction, at this place. So I think the court would have been justified in saying that this was a structure within the meaning of this statute. But as the court left that to the jury, we say the jury were entirely justified in the conclusion at which they arrived, that it was a structure. And the theory upon which the court gave this explanation to the jury was, we think, correct. That being so, all the requests submitted by the Insurance Company were properly refused, since they fairly and clearly, proceeded upon the directly opposite theory, and assumed certain things which, if given to the jury, must of necessity have compelled the jury to have found a different verdict.
Doyle, Scott & Lewis, for plaintiff in error.
Brown, Gecldes & Tyler, for defendant in error.
The judgment is therefore affirmed.